UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                            Case No. 11-CR-24

MICHAEL L. MUSGROVE,

        Defendant.

ORDER ADOPTING MAGISTRATE JUDGE JOSEPH'S RECOMMENDATION (DOC. # 27) AND DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT FOR ITS TECHNICAL INSUFFICIENCY, OR IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS (DOC. #15); DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT UPON SUBSTANTIVE FIRST AMENDMENT GROUNDS (DOC. # 14); AND GRANTING IN PART AND DENYING IN PART MOTION TO SUPPRESS EVIDENCE OBTAINED IN VIOLATION OF THE FOURTH AMENDMENT (DOC. # 16)

The defendant, Michael L. Musgrove, filed two motions to dismiss the indictment pending against him, as well as a motion to suppress evidence seized during the search of his home. (Docs. # 14-16.) Musgrove argues that the indictment which charges him with communicating a threat in interstate commerce does not contain a description of the alleged threat or the person said to be threatened, and violates the First Amendment because it does not state that the words he is accused of transmitting constitute a "true threat" unprotected by the United States Constitution. Moreover, he asserts that the government executed a warrantless and non-consensual seizure of his laptop computer, and, therefore, the evidence obtained in the search of that computer should be suppressed.

Magistrate Judge Nancy Joseph issued her report and recommendation on April 20, 2011, finding that the indictment tracks the statutory language of 18 U.S.C. § 875(c), and the government's issuance of a bill of particulars on March 4, 2011, cured the indictment of any technical insufficiency. Judge Joseph further found that, under Seventh

Circuit precedent, the determination of whether a communication constitutes a "true threat" is to be made by the trier of fact, not the district court on a motion to dismiss at the indictment stage. Moreover, Judge Joseph found that police officers had probable cause to seize the defendant's laptop computer, but did not have the legal authority required to manipulate the mouse or touch a key so as to perform a search, however minimal, that revealed Musgrove's Facebook page. Nevertheless, she determined that this unauthorized search did not vitiate Musgrove's later consent to the search of his computer after he was taken to the police station.

A district court reviews de novo the recommendations of the magistrate judge to which a party timely objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(2), (3). Portions of a recommendation to which no party objects are reviewed for clear error. *Johnson v. Zema Sys. Corp.,* 170 F.3d 734, 739 (7th Cir. 1999). Because Musgrove only filed objections to the rulings on his motions to dismiss, they will be reviewed de novo. The portion of the recommendation addressing the motion to suppress evidence obtained from his laptop computer will be reviewed for clear error.

The facts underlying the motion to suppress, which were largely stipulated to by the parties, are set forth on pages 12 and 13 of Magistrate Judge Joseph's recommendation. Briefly, two citizens contacted authorities after viewing a post on the "Rants and Raves" section of Craigslist. Craigslist provided authorities with the email address, phone number, and IP address of the user who posted the message, and they quickly linked to Musgrove. Musgrove answered the door of his basement apartment and officers entered. He admitted to officers that he "did it on a dare," and was placed under arrest. Although Musgrove consented to the search of his home for weapons or contraband,

Officer Shultz seized a laptop computer which was in screen saver mode. Officer Shultz either touched a key or moved the computer mouse and revealed Musgrove's Facebook page with a posting related to the Mayfair Shopping Mall. Later, at the police station, Musgrove waived his Miranda rights, signed a consent form, and gave a full confession.

There is no dispute that the officers were lawfully present in Musgrove's home, that the laptop was located in plain view, that the apartment belonged to the individual who voluntarily made incriminating statements about the crime, and that officers were investigating a threatening post made via the internet. That Musgrove's Facebook page became apparent prior to waiver of his Miranda rights and full confession did not taint the subsequent search conducted with his consent inasmuch as his behavior at all times – in the apartment and later at the station – was cooperative. Finding no plain error, the court will adopt Judge Jospeh's recommendation to deny Musgrove's motion to suppress the evidence seized during the search of his home.

Turning to the motions to dismiss, the defendant asserts that the recommendation is erroneous because it fails to account for the fact that the "trueness" of the alleged threat is a constitutional element of the offense. Without that element, the statute would be constitutionally overbroad because it would essentially criminalize constitutionally protected speech. Not only does the omission of "trueness" run afoul of Rule 7(f), it suggests that no grand jury has deemed Musgrove's speech to be unprotected.

"An indictment is deemed sufficient if it: (1) states the elements of the offense charged; (2) fairly informs the defendant of the nature of the charge so that he may prepare a defense; and (3) enables him to plead an acquittal or convictions as a bar against future prosecutions for the same offense." *United States v. McLeczynsky*, 296 F.3d 634, 636 (7th Cir. 2002) (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974) and *United States v.*

*Anderson*, 280 F.3d 1121, 1124 (7th Cir. 2002)). The Seventh Circuit has stated that when determining the sufficiency of an indictment, the court looks "at the contents of the subject indictment 'on a practical basis and in its entirety, rather than in a hypertechnical manner.'" *McLeczynsky*, 296 F.3d at 636 (citing *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000). Moreover, "[f]acial sufficiency is not a high hurdle. . . . Generally, an indictment is sufficient when it sets forth the offense in the words of the statute itself, as long as those words expressly set forth all the elements necessary to constitute the offense intended to be punished." *United States v. Bates*, 96 F.3d 964, 970 (7th Cir. 1996) (citing *United States v. Hinkle*, 637 F.2d 1154, 1157 (7th Cir. 1981)).

Title 18, Section 875(c) of the United States Code reads as follows:

(c) Whoever transmits in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another, shall be fined under this title or imprisoned not more than five years, or both.

The Seventh Circuit has set forth the elements of 18 U.S.C. § 875(c) as follows: "[f]irst, that the Defendant said or transmitted a communication in interstate commerce; second, the communication contained a threat to injure another person; and third, the Defendant did so knowingly." *United States v. Stewart*, 411 F.3d 825, 827 (7th Cir. 2005) (emphasis omitted).

Here, the indictment charges that "[o]n or about January 14, 2011, in the State and Eastern District of Wisconsin, Michael Musgrove knowingly transmitted in interstate commerce a communication containing a threat to injure the person of another." (Doc. # 6.) This language, albeit bare-boned, sets forth the offense in the words of the statute and the elements as stated by the Seventh Circuit in *Stewart*. *Id.* Hence, the court finds that the indictment withstands Musgrove's attack.

However, any deficiency in the indictment regarding the details of Musgrove's alleged threat was cured by the filing of the bill of particulars, which was the relief requested in the alternative by the defendant in his motion to dismiss. (Doc. #21.) The government's bill of particulars recites the Craigslist posting:

> Title: Mayfair mall gonna make da news dis weekend again (da hood)
> Date: 2011-01-14, 7:15 PM CST
> Posting ID: 2161131197
> Text: thats right snitches, ...ya all herd me ... ya all thought I was done ...... but I was layin lo .....listenin to ya all crakas talk you shit about how ya all punks gonna take it back all ya all was talkin about was waaaa waaaa what happenin to ya alls mall and how ya all pussy azz bitches gonna do sumthin specifically that big ufc wanna be pussy talkin about how he own the mall an how tough that punk azz is thuth is big pussy ..... you aint tougher then my 9 which ill be bringing dis sat glock glock motherfucker .... when I put that glock upside yo head you aint gonna do shit ....cept beg fo you life bithc ya all though few weeks ago was bad .... watch dis shit sat....I gots mi shit together an organized crakas an no non of ya all gonna do shit cause me an my boys OWN dat mall

[SIC]. At a minimum, a reasonable jury may determine that the posting threatens that Mayfair Mall is going to make news over the weekend (Saturday), when the individual brings his Glock firearm and puts it to people's heads to make them beg for their lives. In addition, the government maintains that it is complying with its open file policy, thereby providing Musgrove with discovery, and that the posting was accompanied by a picture of a Glock. Hence, it simply cannot be said that Musgrove is not aware of the specific conduct at issue when he has been provided materials the government may use at trial, including the Craigslist posting. Ultimately, the indictment tracks the language of 18 U.S.C. § 875(c), sets

forth the elements of the offense and has been supplemented by the bill of particulars as Musgrove requested. The motion to dismiss for technical insufficiency will not be granted.

Next, turning to Musgrove's assertion that the recommendation is erroneous because it finds that the trier of fact must determine whether the alleged threat was a true threat. The government responds that the "issue of whether it is a true threat, as opposed to constitutionally-protected speech, is a heavily fact-dependent, context-driven determination which numerous courts have held must be reserved for the trier of fact."

Because this court finds that the indictment in this case, as supplemented by the March 4, 2011, bill of particulars, complies with Fed. R. Crim. P. 7(c) and the prevailing case law of this circuit, it cannot conclude that the recommendation contains any error of law regarding the First Amendment issue. The Seventh Circuit has held that the determining whether a statement constitutes true threat is question which should be left to the trier of fact. *See United States v. Saunders*, 166 F.3d 907, 912 (7th Cir. 1999) (holding that "whether the statement [contained in the defendant's letter to Judge Manning] constitutes a threat was an issue of fact for the jury to decide," in a case involving 18 U.S.C. § 115(a)(1)(B)); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (holding that "[t]he threat in this case was ambiguous, but the task of interpretation was for the jury..." in a case involving 18 U.S.C. § 876); *United States v. Parr*, 545 F.3d 491, 500 (7th Cir. 2008) (discussing the possible change in the threat doctrine after the Supreme Court's decision in *Virginia v. Black*, 538 U.S. 343 (2003) and stating that if the doctrine had changed "the factfinder" would now be asked to answer an additional question regarding subjective intent); *United States v. White*, 610 F.3d 956, 962 (7th Cir. 2010) (reversing a district court's dismissal because the defendant's argument was not whether the indictment was valid but

whether the posting on the website was a solicitation or speech deserving of First Amendment protection, which was an issue for the jury to decide). Other circuits have similarly held that whether a statement is a "true threat is to be decided by the trier of fact. *See also United States v. Howell*, 719 F.2d 1258, 1260 (5th Cir. 1983). Although none of the cases deal directly with § 875(c), they discuss situations where a defendant's speech is under scrutiny as threat or some other means by which it loses its First Amendment protection. And in all of these cases, the appellate courts have found that it is a question of fact, not law, whether the speech was a threat or worthy of First Amendment protection. Now, therefore,

IT IS ORDERED that Magistrate Judge Joseph's recommendation (Doc. # 27) is adopted.

IT IS FURTHER ORDERED that defendant Musgrove's motion to dismiss the indictment for its technical insufficiency, or in the alternative, for a bill of particulars (Doc. #15) is denied.

IT IS FURTHER ORDERED that Musgrove's motion to dismiss upon substantive first amendment grounds (Doc. #14) is denied.

IT IS FURTHER ORDERED that the motion to suppress evidence obtained in violation of the Fourth Amendment (Doc. # 16) is granted in part and denied in part.

Dated at Milwaukee, Wisconsin, this 16th day of September, 2011.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE